J-A20022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN AUSTIN SHIREY :
:
Appellant : No. 825 WDA 2017

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000102-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    FILED AUGUST 3, 2018

Kevin Austin Shirey appeals from the judgment of sentence, entered in

the Court of Common Pleas of Jefferson County, after he pled guilty to

patronizing a prostitute[1] and criminal conspiracy to patronize prostitutes.[2]

Shirey's counsel has filed a petition to withdraw as counsel, together with an

Anders/Santiago[3] brief.  We find that Shirey's counsel has satisfied the

_____

[1] 18 Pa.C.S.A. § 5902(e).

[2] 18 Pa.C.S.A. § 903(a)(1).

[3] See Anders v. California, 386 U.S. 738 (1967) (setting forth three general
requirements counsel must satisfy in order to withdraw from representation
on direct appeal); see also Commonwealth v. Santiago, 978 A.2d 349, 361
(Pa. 2009) (expanding on Anders by requiring counsel to explain why
appellant's claim is frivolous).

Anders/Santiago requirements. We accordingly grant counsel's petition to withdraw as counsel, and we affirm Shirey's judgment of sentence.

On July 6, 2016, after Shirey pleaded guilty to the above-mentioned crimes, the trial court sentenced him to one year of probation on each count, running consecutively. Shirey committed a technical violation of his probation by using methamphetamine, and after a Gagnon II[4] hearing on December 7, 2016, the court modified his sentence to include 29 days' incarceration. On May 3, 2017, Shirey admitted to another technical violation of his probation, again using methamphetamine. The court revoked his probation and imposed an aggregate sentence of one to two years' incarceration in a state correctional facility, with credit for time served. On May 15, 2017, Shirey filed a motion for reconsideration of sentence, which was denied. This timely appeal followed.

Before this Court may review the merits of Shirey's case, we must first address appointed counsel's petition to withdraw. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007). In order to properly withdraw, counsel must file an Anders brief in place of an advocate's brief. Anders, supra; see Commonwealth v. Nischan, 928 A.2d 349, 352 (Pa. Super. 2007). Our Supreme Court, in Santiago, 978 A.2d at 361, set forth four requirements that counsel must include in the Anders brief:

_____

[4] See Gagnon v. Scarpelli, 411 U.S. 778 (1973) (finding due process violation where probationer was not afforded either a preliminary revocation hearing or a final hearing); see also Morrissey v. Brewer, 408 U.S. 471 (1972) (outlining minimal due process requirements for parole revocation).

- 2 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel must furnish a copy of the Anders brief to the appellant. Nischan, 928 A.2d at 353. Counsel must include with the brief a letter advising the appellant of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." Id. Counsel's petition to withdraw must also include the letter. See id. at 354.

Instantly, counsel's Anders brief meets the standards required by Santiago. Counsel sets forth one issue in the brief:

Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked [Shirey]'s probation/parole and re-sentenced him to serve a sentence of a minimum of one (1) to a maximum two (2) years in a [s]tate [c]orrectional [i]nstitution given the circumstances of the case.

Anders Brief, at 4.

In his discussion regarding this issue, counsel cites the relevant law concerning revocation of probation, and in what situations total confinement

is appropriate. Counsel articulates Shirey's position in a neutral fashion, and does not make any argument against Shirey's interests. Counsel then concludes that Shirey offers no issues of arguable merit, and relies on the trial court's opinion when explaining the reasons for his conclusion. On May 24, 2018, counsel supplied Shirey with the Anders brief and a letter that complied with the factors articulated in Nischan. This letter was appended to counsel's petition to withdraw.[5] We accordingly find that counsel has met the technical requirements of Santiago. We will thus proceed to determine whether Shirey's claim is wholly frivolous.

Shirey challenges the discretionary aspects of his sentence. Our standard of review regarding challenges to the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Gonzalez, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. See Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super.

_____

[5] Shirey has not filed any supplemental filings in response to counsel's petition to withdraw.

2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test: "(1) [W]hether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify [the] sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

Here, Shirey preserved his issues in his motion for reconsideration and timely filed a notice of appeal. He also properly raised his issues in his Pa.R.A.P. 1925(b) statement. Furthermore, counsel included in the Anders brief a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal, asserting, "The sentence was manifestly unreasonable in that it was excessive and constituted too severe a punishment under the circumstances of the case and the probation violation, and that the Court's reasons for the sentence did not justify the severity." Anders Brief, at 6.

An appellant raises a substantial question if he can show "actions by the trial court inconsistent with the Sentencing Code[6] or contrary to the fundamental norms underlying the sentencing process." Commonwealth v. Bowen, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). "The determination of whether a particular issue raises a substantial question is to

_____

6 42 Pa.C.S.A. §§ 9701–9799.75.

be evaluated on a case-by-case basis." McAfee, 849 A.2d at 274. This Court has previously held: "On appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000).

We conclude that Shirey does raise a substantial question. Shirey's original sentence was an aggregate two years of probation. After revoking his probation, the trial court imposed an aggregate sentence of total confinement for one to two years' incarceration in a state correctional facility. Shirey's sentence of total confinement exceeds his original sentence of probation. See id. Thus, Shirey raises a substantial question, and we will review the merits of his case.

Pursuant to 42 Pa.C.S.A. § 9771(c), "[t]he court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." Instantly, the trial court specifically discussed these factors in its opinion, and stated:

> As he stood before the [c]ourt on May 3, 2017, then, [Shirey] evidenced his utter disregard for the [c]ourt's sentencing authority, as well as a disturbing disregard for the seriousness of his underlying offenses. To vindicate its authority . . . the

[c]ourt deemed a sentence of total incarceration would be the most appropriate sentencing alternative.

Trial Court Opinion, filed 9/14/17, at 1-2 (emphasis added).

Shirey's claim warrants him no relief. Having found that counsel satisfied the Santiago requirements, and having determined that Shirey's appeal is wholly frivolous, we grant counsel's petition to withdraw and affirm Shirey's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2018